Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON ALAN, ROBERT BOHLKE, JOSEPH MENICHIELLO, AND DAVID VACCARO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>                    **PLAINTIFFS,**<br>**V.**<br><br>**YOUR MARKETING SOURCE, INC. DBA INTERNET LOCAL LISTINGS, INC., SAM RIEMER, DOUGLAS POWELL, AND DOES 1-10, INCLUSIVE AND EACH OF THEM,**<br><br>                    **DEFENDANTS.** | Case No.: _____<br><br><u>**CLASS ACTION**</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

**INTRODUCTION**

1.   JASON ALAN, ROBERT BOHLKE, JOSEPH MENICHIELLO, AND DAVID VACCARO ("Plaintiffs"); bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of YOUR MARKETING SOURCE, INC. dba INTERNET LOCAL LISTINGS, INC. ("Defendant YMS"), SAM RIEMER, DOUGLAS POWELL, and their related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.   The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.   In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an

emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call..." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5.   As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6.   The Ninth Circuit recently affirmed certification of a TCPA class action similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, 696 F.3d 943, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

### JURISDICTION AND VENUE

7.   This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendants reside within Orange county and the jurisdiction of this court.

**PARTIES**

9.   Plaintiffs are, and at all times mentioned herein were, individual citizens and residents of the State of California.

10.   Plaintiffs are informed and believe, and thereon alleges, that Defendant YOUR MARKETING SOURCE, INC. dba INTERNET LOCAL LISTINGS, INC. is, and at all times mentioned herein was, a corporation whose primary corporate headquarters is at 1600 N. Broadway, Santa Ana, CA 92706. Defendant YMS is a company that provides internet marketing services and support to businesses. Defendant is, and at all times mentioned herein was, a Corporation and a "person," as defined by 47 U.S.C. § 153 (39).

11.   Defendant, Sam Riemer ("Defendant Riemer") is an individual who at all relevant times the co-founder and co-owner of Defendant YMS.  As co-owner of Defendant YMS, Defendant Riemer was responsible for the overall success of the company. Defendant Riemer materially participated in selling telephone information by occupying a position of critical importance to Defendant YMS's business; as the director of Defendant YMS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the sale of telephone information through his involvement in Defendant YMS's affairs.  Defendant Riemer continued to play a key role in maintaining and expanding Defendant YMS's activities throughout the time in question. Defendant Riemer is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

12.   Defendant, Douglas Powell ("Defendant Powell") is an individual who at all relevant times the co-founder and co-owner of Defendant YMS.  As co-

owner of Defendant YMS, Defendant Powell was responsible for the overall success of the company. Defendant Powell materially participated in selling telephone information by occupying a position of critical importance to Defendant YMS's business; as the director of Defendant YMS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the sale of telephone information through his involvement in Defendant YMS's affairs.  Defendant Powell continued to play a key role in maintaining and expanding Defendant YMS's activities throughout the time in question. Defendant Powell is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

13. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

14. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendant and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein were made known to, and ratified by, each of the other Defendants.

15.   Plaintiff are informed and believe, and thereon alleges, that at all times relevant Defendant conducted business in the State of California and in the County of Orange.

### FACTUAL ALLEGATIONS

16.   Throughout January and March of 2016, Plaintiffs received several telephone calls on their cellular telephones from Defendants where Defendants used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) to contact Plaintiff, using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

17.   The calls from Defendants came from phone numbers including but not limited to (740) 217-1233, (313) 209-4149, (878) 201-0298, (512) 806-0572, (650) 238-9972, (828) 229-7403, and (509) 319-2176. Defendants placed multiple calls to Plaintiffs, using different numbers during the same day.

18.   When Plaintiffs answered the phone, they would hear an "artificial or prerecorded voice" offering some options and then stating "Your call is being transferred to an account specialist."

19.   Plaintiffs tried to call back the phone numbers used by Defendants to inform Defendants to cease and desist from any attempts to call back Plaintiffs. However, most of the numbers were not reachable by phone. Some of the phone numbers provided a pre-recorded message offering Plaintiffs the possibility to be placed on a do-not-call list, with the list applicable only to phone calls from that specific number. Thus, even after Plaintiffs placed their numbers on the do-not-call list, Defendants continued placing phone calls from other numbers.

20.   The ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21.   The telephone numbers Defendants called were assigned to cellular telephone services for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

22.   Plaintiffs did not provide express consent to Defendants to receive calls on Plaintiffs' cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23.   Plaintiffs did not provide "prior express consent" to Defendant to place telephone calls to Plaintiffs' cellular telephones with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

24.   These telephone calls by Defendants or its agents were in violation of 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

25.   Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

26.   Plaintiffs represent, and are members of, the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendant or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filing of the Complaint.

27.   Defendants and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28.   Plaintiffs and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiffs and the Class members via their cellular telephones thereby causing Plaintiffs

and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiffs and the Class members.  Plaintiffs and the Class members were damaged thereby.

29.  This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30.  The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendants' records or Defendants' agents' records.

31.  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    1.  Whether, within the four years prior to the filing of the Complaint, Defendants made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

    2.  Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

3. Whether Defendants should be enjoined from engaging in such conduct in the future.

32. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

33. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

37.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

39.   As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40.   Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

41.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.   The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

43.   As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44.   Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///
///
///
///
///
///
///

1

**TRIAL BY JURY**

2

   Pursuant to the seventh amendment to the Constitution of the United States

3

of America, Plaintiffs are entitled to, and demand, a trial by jury.

4

                                                    Respectfully submitted,

5

6

Date: April 16, 2016

7

                          **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

8

                                    By:   _/s/ Todd M. Friedman_

9

                                          Todd M. Friedman
                                          *Attorney for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**